IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GERALD & DONA JOWERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:04CV1213-MEF |
| | ) | [WO] |
| STATE FARM FIRE & CASUALTY COMPANY, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

On 27 January 2006, the defendant, State Farm Fire and Casualty Company ["State Farm"], filed a Motion to Quash and Objection To Request For Production to Non-Party Joel Wehrman (Doc. # 26).  State Farm seeks an order from this court which "block[s] the production of any documents or tangible item in the possession" of Joel Wehrman; in short, State Farm seeks a protective order.  However, the motion does not comply with the court's requirements for filing motions compelling or restricting discovery.

Accordingly, upon consideration of State Farm's motion, and for good cause, it is

ORDERED that the motion be DENIED pursuant to the Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B) and ¶5 of the General Order of this court entered on 22 November 1993.

The applicable provisions of this court's General Order reads as follows:

> the court will not consider any motion relating to discovery, such as a motion to compel or a motion for protective order, unless the motion is accompanied by a written certification that

>   the moving party has made a reasonable good-faith effort to
>   reach agreement with opposing counsel on the matters set forth
>   in the motion.

Federal Rules of Civil Procedure 26(c) and 37(a)(2)(B), as amended on December 1, 1993, require litigants to seek to resolve discovery disputes by a good faith *conference* before seeking court intervention. Discovery motions filed pursuant to these Rules ***must be accompanied by a certification*** that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. This court has interpreted the requirement to confer as a requirement that the parties conduct an in-person conference to facilitate a good faith effort to settle the dispute. An in-person conference in this case is facilitated by the fact that all counsel of record, except Mr. Shirley, maintain their principal offices in Montgomery.

State Farm's objections to the production requests are noted, with the caveats that (1) if the plaintiffs have not requested the same or similar information from State Farm, and if Joel Wehrman is not a State Farm employee, the parties should ascertain that State Farm, by reason of its contract or relationship with Mr. Wehrman, has standing to seek protection of documents in his possession; and (2) if State Farm intends to rely in whole or in part upon privilege as a basis for its objections, it should comply with the discovery rules.

DONE this 31st day of January, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE