IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GERALD & DONA JOWERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:04CV1213-MEF |
| | ) | [WO] |
| STATE FARM FIRE & CASUALTY | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

The court conducted oral argument on the defendant's Motion For Protective Order (Doc. # 28) and alternative Motion to Quash a non-party's production of private information concerning the defendant's policy holders (Doc. # 28). Plaintiffs filed a water loss claims with the defendant's agent and thereafter, their home was inspected by JADE Engineering. To secure evidence of a pattern and practice of allegedly biased reporting by JADE in claims investigations performed for State Farm, the plaintiffs now seek the following information, via subpoena to JADE. State Farm challenges the plaintiff's right to secure the information:

> Copies of any and all inspection reports, evaluations, surveys
> and/or any documents expressing Jade's opinion concerning the
> condition of a building or dwelling done on behalf of State Farm
> by Jade Engineering frm January 2001 - December 2004.

State Farm objects to the subpoena because it seeks information which is "immaterial and invasive of the privacy rights of" its policy holders. The plaintiffs challenge State Farm's standing to object.

In this circuit, a party has standing to challenge a subpoena issued to a non-party if the party alleges a "personal right or privilege" with respect to the subpoenas. ***Brown v. Braddick***, 595 F.2d 961, 967 (5th Cir. 1979); see also, Florida ex rel. ***Butterworth v. Jones Chems., Inc.***, 1993 U.S. Dist. LEXIS 10348, 1993 WL 388645 *2 (M.D. Fla. 1993). Given the defendant's responses to the court's inquiries at the oral argument, State Farm has no personal right or privilege vested in the documents sought by the plaintiffs. The documents are in the possession of JADE. There is no contractual relationship between JADE and State Farm, or between JADE and any of the policy holders, pursuant to which JADE is prohibited from releasing the documents after receiving a subpoena. State Farm will not bear any of the costs of production, nor will State Farm employees or its operations be encumbered by production.

In ***Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.***, 231 F.R.D. 426 (D. Fla. 2005), the Court of Appeals faced the same kind of challenge under very similar circumstances to those presented by this case. After reviewing the nature of the defendant's objections and examining the parties' relationships, the court make the following findings, wholly applicable here:

> The financial [**7] records sought are business records of non-parties. Defendants have not established any expectation of privacy in their business transactions with other corporations and have not made any factual showing that the records are confidential or proprietary. Therefore, Defendants fail to establish a "personal right" regarding the records. See Clayton Brokerage Co., Inc. v. Clement, 87 F.R.D. 569, 571 (D. Md. 1980) (bank customer had no legitimate expectation of privacy in the contents of checks, deposit slips and other banking documents subpoenaed from his bank and, therefore, lacked

> standing to challenge the subpoena issued to the bank).
> Therefore, Defendants do not have standing under Rule 45 to
> quash the subpoenas regarding financial records

*Auto-Owners Ins. Co.*, 231 F.R.D. at 429.

Because the defendant lacks standing, the court declines to consider any of the parties' arguments on the merits of the motions. Accordingly, upon consideration of the motion, the alternative motion, and the representations made at the oral argument, it is ORDERED as follows:

1. The Motion for Protective Order is DENIED.

2. The alternative Motion to Quash the subpoena is DENIED.

DONE this 17th day of February, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE