IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GERALD & DONA JOWERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:04CV1213-MEF |
| | ) | [WO] |
| STATE FARM FIRE & CASUALTY | ) | |
| COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION**

On 17 February 2006, Jade Engineering and Inspection, Inc. ["Jade"] filed a Motion to Quash and for a Protective Order (Doc # 40). The subject matter of the motion is production of documents pursuant to the same subpoena that has been the subject of collateral discovery litigation in this case for the past month, i.e., inspection reports, evaluations, surveys and other documents prepared by Jade on behalf of State Farm between January 2001 and December 2004.

The court just concluded the defendants' challenge to the subpoena by order entered 17 February 2006 (Doc. # 39). The court emphasizes to the parties and to Jade that it would have been far more cost effective for the court to have resolved all objections to the subpoena in one hearing. Moreover, all of the facts relied upon by Jade in its motion were known to it shortly after the subpoena was served, certainly in time to join or collaterally buttress State Farm's objection to the subpoena, in time for the court to address all objections at the hearing conducted on 16 February 2006. This principle is highlighted by the fact that, in its motion,

Jade "joins in" State Farm's motion to quash and motion for protective order (See Doc. # 40 pp. 11-13).

In any case, Jade now seeks to have the plaintiffs' subpoena quashed, or in the alternative, a protective order issued.  The court FINDS that the subpoena was issued and served on 24 January 2006, and that proof of service was dated 25 January 2006.  The court further FINDS that pursuant to the *Federal Rules of Civil Procedure* 26(c) and 37(a)(2)(B) and ¶5 of the General Order of this court entered on 22 November 1993, the parties have made a good faith effort to settle this dispute.

Jade recites the following grounds for its motion: (1) the requests for financial information are overly broad; (2) the requests for financial information are unduly burdensome; (3) the request for services performed on behalf of State Farm is unduly burdensome; and (4) the subpoena requests documents and information that are not relevant.

The court is mindful of Rule 45 (c) (2) (B), which provides as follows:

> [A] person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.

Jade did not object in court to the subpoena, served on 24 January, until 17 February, clearly more than 14 days thereafter.  Although the Affidavit of Jeffery Rich, Exhibit A to Jade's motion, states that Jade did not represent that it had no objections to the subpoena in its letter of 14 February 2006, neither did it object.  Mr. Rich's letter of 14 February 2006 discusses

in the main, his need to "discuss [with his client] the availability of these records and the most expeditious and least intrusive way of providing a reasonable response to [the] Subpoena". His affidavit does not attest to Mr. Goldston's agreement to extend his time to respond, and Mr. Rich unequivocally states in his affidavit that his attempt to contact Mr. Goldston on 17 February 2006 was unsuccessful. Finally, the affidavit of James A. Durham (Exhibit C to the motion), appears to have been prepared specifically to support Jade's motion and is also dated 17 February 2006, more than 14 days after service of the subpoena. In short, there is no allegation that, or documentary evidence of, the plaintiffs' counsel and Jade's counsel agreed to an extension of the 14-day period for objections.

The court is thus persuaded that, pursuant to the rules of procedure, Jade has waived its right to object. However, in the previous proceedings on the subpoena and in these proceedings, the court has carefully considered the scope of the request for documents and has determined that it is somewhat broad, especially given the number of employees available to Jade to research the files. Jade retains the option of permitting plaintiffs' counsel to review the documents himself and select the ones responsive to the subpoena, thus sparing Jade the time and resources required to do the research.[1] If Jade is unwilling to permit plaintiffs' counsel to inspect the records, however, Jade's employees must undertake that

---

[1] Ordinarily, Jade is not obligated to search the files for the documents. It could simply make its documents available to plaintiffs' counsel for inspection. It is likely, however, that for the reasons stated in the motion, Jade is reluctant to extend that latitude to plaintiffs' counsel. It thus appears that production of the documents on any level will require Jade's employees to identify the responses to the subpoena.

task. In any case, when considered against Jade's representations regarding the number of employees and the amount of time needed to respond, the court is persuaded that some allowance should be made for production and that the plaintiffs should consider condensing the time period, the geographical areas, and perhaps the substantive requests to facilitate more timely and less onerous production.[2]

Accordingly, upon consideration of the motion, and the other pleadings in this case specifically related to the efficacy, or lack thereof, of the plaintiffs' subpoena, and for good cause, it is ORDERED as follows:

1. The motion to quash is DENIED.

2. The motion for protective order is GRANTED. However, the court declines to SUSTAIN the objections and direct Jade to refrain from providing the documents. Rather, plaintiffs' counsel and Jade's counsel are DIRECTED to confer on or before 28 February 2006 and determine a mutually agreeable scope of the request and a time for service of responses.

3. On or before 3 March 2006, the plaintiffs and Jade shall jointly submit a proposed Protective Order to this court for execution and filing.

4. Within three days of service of the responses, the plaintiffs shall file a Notice of Compliance with the Clerk of the court, attesting to Jade's compliance with the protective order.

---

[2] Because the court is persuaded that Jade's objections are not timely, this order shall not be construed as one sustaining those objections.

DONE this 23rd day of February, 2006.

                                        /s/ Vanzetta Penn McPherson
                                        VANZETTA PENN MCPHERSON
                                        UNITED STATES MAGISTRATE JUDGE