IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GERALD JOWERS, *et. al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:04-cv-1213-MEF |
| ) | (WO) |
| STATE FARM FIRE AND ) | |
| CASUALTY COMPANY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This cause is before the Court on Plaintiffs' Motion to Certify the Controlling Issues for an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. # 47). Section 1292(b) authorizes a district court to certify for interlocutory appeal a "controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal . . . may materially advance the ultimate termination of the litigation."

The Eleventh Circuit has emphasized the limited scope of Section 1292(b):

> The appeal from interlocutory orders thus provided should and will be used only in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation, . . . where a question which would be dispositive of the litigation is raised and there is serious doubt as to how it should be decided. . . . It is not thought that district judges would grant the certificate in ordinary litigation which could otherwise be promptly disposed of or that mere question as to the correctness of the ruling would prompt the granting of the certificate.

*McFarlin v. Conesco Servs., LLC*, 381 F.3d 1251, 1256 (11th Cir. 2004)(quoting the report from the Judicial Conference of the United States Courts proposing the addition of § 1292(b), 1958 U.S.C.C.A.N. 5260-61).

Section 1292(b) itself sets out three requirements for a § 1292(b) appeal: (1) a "controlling question of law"; (2) "substantial ground for difference of opinion"; and (3) that an appeal would "materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b); *McFarlin*, 381 F.3d at 1257. A "controlling question of law" means a "question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *McFarlin*, 381 F.3d at 1258. It does not mean a question as to the application of settled law to fact. *Id.* A question of law as to which the Court of Appeals is in "complete and unequivocal agreement with the district court" is not one that provides a "substantial ground for difference of opinion" necessary for a § 1292(b) appeal. *Id.* Resolution of the controlling legal question may "materially advance the ultimate termination of the litigation" if it would "serve to avoid a trial or otherwise substantially shorten the litigation." *Id.* at 1259.

Plaintiffs assert that their bad faith failure to pay claim involves a controlling question of law appropriate for a § 1292(b) appeal. Plaintiffs claim that the Court's March 15, 2006 Memorandum Opinion and Order (Doc. # 45) only addressed their "normal" bad faith claims, but not their abnormal bad faith claims. However, the Order sets forth the same abnormal bad faith standard that the Plaintiffs cite in the motion currently at issue. Therefore, the question is not about what the standard is for abnormal bad faith. What Plaintiffs are really arguing is that the Court misapplied the abnormal bad faith standard to the facts at hand. Specifically, Plaintiffs are arguing that, contrary to the Court's conclusion, Wehrman's ignorance of the 1989 water loss and his failure to analyze the floor trusses and

floor decking constitutes abnormal bad faith. As stated above, a question of the application of settled law to fact is not a "controlling question of law" for the purposes of § 1292(b). Therefore, the bad faith failure to pay claim is not appropriate for certification for interlocutory appeal.

Plaintiffs also assert that their bad faith failure to investigate claim is subject to § 1292(b) appeal. Plaintiffs' argument on this claim may be construed as a question as to the meaning of "intentionally or recklessly" for purposes of the abnormal bad faith analysis, therefore may be a "controlling question of law." It may also provide a "substantial ground for difference of opinion." However, assuming, without deciding, that these two factors have been met, resolution of the bad faith failure to investigate issue would not "materially advance the ultimate termination of the litigation." A ruling on the bad faith failure to investigate claim would not avoid trial because there is still a pending breach of contract claim. In fact, resolution of that bad faith claim in the Plaintiffs' favor would actually prolong trial because it would allow litigation on that claim to proceed. Therefore, the bad faith failure to investigate claim is not appropriate for certification for interlocutory appeal.

For the reasons set forth above, it is hereby ORDERED that the Plaintiffs' Motion to Certify the Controlling Issues for an Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (Doc. # 47) is DENIED.

DONE this the 28th day of, 2006.

                                               /s/ Mark E. Fuller  
                                               CHIEF UNITED STATES DISTRICT JUDGE